WESTERN DIS.
September,1841.

### R. M'CARTY vs. J. P. M'CARTY.

R. M'CARTY
vs.
J. P. M'CARTY.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, FOR THE PARISH OF ST. MARY, THE JUDGE OF THE SIXTH PRESIDING:

A continuance will not be allowed, when due diligence has not been used to obtain the testimony of witnesses, alleged to be material.

Motions and affidavits for continuances are addressed to the legal discretion of the court, and should be granted or denied, so as to effect the speedy termination of suits as far as is consistent with justice.

This suit commenced by attachment of a judgment in favor of the defendant, against the plaintiff, for $3,175 rendered on a note of hand.

The plaintiff alleges that the defendant is a resident of Tennessee, and is indebted to him in the sum of $1500, the value of a slave named William, taken by the latter to Tennessee and never returned ; also $600 for payments and offsetts which should have been allowed as credits on the note, on which judgment was rendered, but were not ; and likewise $200 per annum for the services of said slave until he be restored and delivered up. He prays for judgment accordingly, and that an attachment issue and be levied on defendant's judgment against him.

The defendant averred the plaintiff could not maintain his action, for the claims and demands now set up should have been pleaded in the suit which this defendant instituted against him, the judgment whereof is now attempted to be attached ; that these claims existed when that suit was commenced and should have been set up as a defence ; which not having been done, these matters have become *res judicata ;* and he is now barred from claiming them in this action.

In answer to the merits the defendant pleads the general issue ; and avers that the note on which judgment was rendered, was given in full settlement of all the accounts and claims between them for which a suit was then pending, and afterwards dismissed. That the facts and allegations set forth in the petition are unfounded and untrue.

Upon these pleadings and issues the cause was tried.

This suit was instituted the 19th July, 1837, and the answer to the merits filed April 8, 1839.

On the trial, April 10, 1840, the plaintiff filed his affidavit for a continuance, in order to obtain the testimony of witnesses in Tennessee, which was refused; the judge being of opinion the grounds were insufficient. A bill of exceptions was taken to the opinion of the court. The affidavit is fully stated in the opinion of this court.

There was judgment for the defendant and the plaintiff appealed.

*Splane*, for plaintiff and appellant.

*Maskell & T. H. Lewis*, for defendant and appellee.

*Garland, J.* delivered the opinion of the court.

This suit was commenced by an attachment, which was levied on a judgment which the defendant had previously obtained against the plaintiff. The petition was filed the 19th of July, 1837. On the 8th of October following, the defendant appeared by his counsel and filed various exceptions, which were overruled and the defendant ordered to answer. On the 8th of April, 1839, the defendant filed his answer and the cause was continued with leave to both parties to take testimony out of the state. The cause was called for trial on the 17th of April, 1840, when the plaintiff applied for a continuance, on the ground that the testimony of Daniel Carmichael and Absalom M'Carty, of Hawkins county, Tennessee, was material and important for him, and from the statement in the the affidavit, of what the witnesses are expected to prove, there is no doubt of the materiality of the evidence. The defendant objected to the continuance on the grounds, that Carmichael would not swear to what the plaintiff alleged and that due diligence had not been used to procure his testimony. To establish the fact that Carmichael would not swear to all the plaintiff alleged the defendant produced his deposition, which he

had had taken under a commission issued in this case and also offerred it to show that proper diligence had not been used to procure his testimony. The defendant says that previous to sending his commission and interrogatories to take the testimony of Carmichael and others, he had a copy of them served on the counsel for plaintiff, who did not annex any cross-interrogatories, whereby the testimony of Carmichael could have been obtained. In reply to this the counsel for the plaintiff says, the service of the interrogatories on him was insufficient. This question it is not necessary to decide at present, but the fact of the deposition being taken may be considered in connection with the question of diligence, and raises a violent presumption, that the plaintiff might have obtained the deposition of Carmichael as easily as the defendant did.

A continuance will not be allowed when due diligence has not been used to obtain the testimony of witnesses alleged to be material.

The affidavit of the plaintiff in relation to the facts to show proper diligence is not very definite; in some respects it is unintelligible. He says he has sent a commission to take testimony of his witness, but when, or what diligence he has used to procure its return he does not inform us. It does not appear he has ever written or made any inquiry, why the commission has not been returned, or given himself any trouble about it. To procure the testimony of A. M'Carty, the other witness no commission is pretended to have been sent. To excuse himself for not using more diligence, the plaintiff says that in the autumn of 1839, a severe epidemic prevailed in Franklin, that one of his counsel died and the other was sick, that two clerks of the court died in September or October, and the office was sometime vacant, also that he went frequently to the court house to get his counsel to draw interrogatories, but he was absent and it could not be done.

It has been stated that this suit was commenced in July, 1837, the exceptions filed by defendant was overruled in October and a judgment by default entered. There was then a legal issue made and the plaintiff knew what he had to prove. He permitted the case to lie over until April, 1839, when an answer was filed; he then knew what he had to combat. It

may be proper to inquire what the plaintiff was doing from early in April until sometime in September? Both his counsel were then alive and well, as was the clerk of the court, and no epidemic was prevailing. What was he doing from October until the April following? His counsel had recovered his health and was not we presume always absent; the office of clerk had been filled and no obstacle is known to have prevented a commission being taken out to procure the desired testimony. From the institution of the suit to the trial was nearly three years, during two and a half of which the plaintiff might have taken testimony. He attaches a judgment rendered against him individually, for claims alleged to be existing previous to its rendition, and manifests but little anxiety to prosecute his suit after he had arrested the collection of the defendants demand against himself.

Motions for a continuance are always addressed to the legal discretion of the court that tries the cause and ought to be granted or denied, so as to effect as speedy a termination of cases as possible, consistent with justice. It is as important that diligence in obtaining testimony be shown as that the evidence be material. In this case we think sufficient diligence has not been shown and the judge did not err in refusing the continuance.

The judgment of the District Court is therefore affirmed with costs.

WESTERN DIS.
September,1841.

R. M'CARTY
vs.
J. P. M'CARTY.

Motions and affidavits for continuances are addressed to the legal discretion of the court, and should be granted or denied, so as to effect the speedy termination of suits as far as is consistent with justice.